THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUANA BERRÍOS MARRERO, M65-2231, 2235, 2238, 2253, JORGE HERNÁNDEZ RODRÍGUEZ, M65-2236, Defendants and Appellants.

No. CR-67-23.      Decided July 14, 1967.

*F. Gallardo Díaz* for appellants. *J. B. Fernández Badillo, Solicitor General, J. F. Rodríguez Rivera, Deputy Solicitor General,* and *Adaljisa Díaz Collazo, Assistant Solicitor General,* for The People.

PER CURIAM: The prosecuting attorney filed two informations against Juana Berríos Marrero for a violation of § 4 of the Bolita Act, cases nos. M65-2253 and M65-2238 of the Superior Court. He also filed an information against Juana Berríos Marrero, Jorge Hernández Rodríguez, and Gualberto Benítez Vargas for the same violation, cases nos. M65-2235, M65-2236, and M65-2237 of the Superior Court. He also filed another information for a violation of the Bolita Act against Juana Berríos Marrero and Jorge Hernández Rodríguez, cases nos. M65-2231 and M65-2232 of the Superior Court. The facts charged in the information occurred on different days of the months of March and April of 1965.

The cases were heard jointly. The defendant Juana Berríos Marrero was found guilty in each and every one of the cases, and was sentenced to serve eight months in jail concurrently.

In cases M65-2231 and 2232 the defendant Jorge Hernández Rodríguez was found not guilty and in cases M65-2235, 2236, and 2237, the defendant Gualberto Benítez Vargas was found not guilty and his codefendant Jorge Hernández Rodríguez was found guilty and sentenced to eight months in jail.

The information filed against Jorge Hernández Rodríguez does not charge the commission of a crime as we decided in *People* v. *Trinidad Fernández*, 93 P.R.R. 877 (1967) and ratified in *People* v. *Febres Colón, ante,* p. 169. Wherefore, the judgment against this defendant should be reversed.

For the same reason the judgments rendered against the defendant Juana Berríos Marrero in cases M65-2238, M65-2235, 2236, and 2237, and M65-2231, 2232 should be reversed.

■ However, in case M65-2253, in which the information charged acts committed by said defendant on March 7, 1965, the situation is different. The information in this case charges the defendant with "having in her possession and control material which is used and which the defendant used then and there in the unlawful game of bolita and/or bolipool." Those allegations charge the defendant with the commission of the crime defined in § 4 of the Bolita Act.

The only prosecution evidence presented against the defendant consisted of the testimony of officer Eduardo E. Martínez. As to the facts occurred on March 7, 1965, he merely stated that that day, about 10:30 a.m. she was in the Colmado-Bar "El Buen Trato" a place on Segarra Street, Bus Stop 27 of Santurce; that the defendant appeared personally there and asked a customer if "he was going to bet" and when the latter answered in the affirmative, she began to jot down the number indicated to her, that is, $1.50 on number 417, on a piece of white wrapping paper which she had inside her blouse; that he came up to her and asked her if those were numbers of bolita to which she answered yes, and the witness asked her to jot down one dollar on number 613; that he could see when she jotted it down on the piece of wrapping paper, which contained three digit figures followed by a dash and figures to the right, typical numbers of the unlawful game of the bolita; that he did not make an immediate arrest because that would have led to the discovery of his identity as an undercover agent.

■ As to the transaction of March 19, 1965, which also took place in Colmado-Bar "El Buen Trato," the agent testified in similar terms. However, when submitted to cross-examination, his testimony is hesitant. He testified that he was acquainted with the defendant Juana Berríos Marrero because he had received a complaint that she was a fixer. Although he frequented the Colmado-Bar "El Buen Trato," the agent could not say what was the name of the owner of

said store, whom he saw there often. He did not know either the color in which the store was painted, or the number of doors it had. In another number of details he answered that he did not remember.

In relation to the transaction of March 28, he testified that this one took place in Juana's own home. He has visited that house on various occasions, he has sat on the porch of the house and in the parlor which, according to his testimony, is separated from the dining room by a wooden partition. However according to the photographs which were presented in evidence and to the testimony of those who have been neighbors of Juana for many years, Juana's house has never had a porch, nor the parlor and dining room separated by a wooden partition. The parlor and dining room is a single room, without any partition.

There are other circumstances in the record which make the testimony of this undercover agent unworthy of credit.

For these reasons the evidence for the prosecution was insufficient to establish appellant's guilt beyond a reasonable doubt. The judgment appealed from will be reversed and she will be acquitted.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Santana Becerra dissented.